UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THOMAS TURNER,<br><br>        Plaintiff,<br><br>v.<br><br>FUSHI COPPERWELD, INC., et al.<br><br>        Defendants. | 3:10-cv-0711-LRH-VPC<br><br>ORDER |

Before the court is defendant Fushi Copperweld, Inc.'s ("Fushi") motion to dismiss filed on January 7, 2011. Doc. #8.[1] Plaintiff Thomas Turner ("Turner") filed an opposition (Doc. #16) to which Fushi replied (Doc. #19).

**I.  Facts and Procedural History**

Defendant Fushi is a publicly traded company incorporated in the state of Nevada. Fushi is the leading global manufacturer of copper-clad bimetallic wire used in a variety of telecommunication, utility, transportation and electrical applications.

On November 3, 2010, the Chairman of defendant Fushi, defendant Li Fu ("Fu"), presented the Board of Directors with a proposal to purchase all outstanding Fushi stock at a set price and take the company private. After that meeting, the Board of Directors made a public announcement

---

[1] Refers to the court's docket entry number.

about Fu's offer and the formation of a special committee commissioned to make a recommendation on Fu's offer. Thereafter, on November 15, 2010, plaintiff Turner filed the present putative shareholder class action complaint against Fushi. Doc. #1.

The present action is one of eleven putative shareholder class actions currently pending in Nevada's state or federal courts against defendant Fushi and its directors.[2] All of the putative class actions allege that defendants have breached their fiduciary duties to the company's shareholders.

**II.     Legal Standard**

In its motion to dismiss, defendant Fushi, relying on *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), argues that the court should decline to exercise jurisdiction over, and thereby dismiss, the putative shareholder class action in light of the similar Nevada state court actions. *See* Doc. #8.

The Supreme Court has determined that under exceptional circumstances, a federal district court may decline to exercise or postpone the exercise of its jurisdiction when there are concurrent state and federal suits, and when doing so would promote wise and sound judicial administration, including the conservation of judicial resources and the avoidance of piecemeal litigation. *Colorado River*, 424 U.S. at 817. This type of abstention from the exercise of federal jurisdiction for reasons of judicial economy should be "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy before it." *Id*. at 813; *see also, Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir. 1989).

In order for the court to abstain from exercising jurisdiction under *Colorado River*, there must be a parallel or substantially similar proceeding in state court. *Security Farms v. Int'l Broth. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1009 (9th Cir. 1997) ("[I]nherent

---

[2] At the time of this order, there are currently pending two federal actions in the United States District Court for the District of Nevada, four state actions in the Eight Judicial District Court for the State of Nevada, four state actions in the First Judicial District Court for the State of Nevada, and one state action in the Second Judicial District Court for the State of Nevada.

in the concept of abstention is the presence of a pendent state action in favor of which the federal court must, or may, abstain."). "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *New Beckley Min. Corp. v. Int'l Union, United Mine Workers of America*, 946 F.2d 1072 (4th Cir. 1991).

The Supreme Court and the Ninth Circuit have identified a nonexclusive list of relevant factors for determining whether exceptional circumstances exist to justify invoking *Colorado River* abstention. *See Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 15-16; *Nakash*, 882 F.2d at 1415-16. These factors include: (1) whether either court has assumed jurisdiction over a res, or property at issue; (2) the relative convenience of the forums; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; and (6) whether the state proceeding is adequate to protect the parties' rights. *See Colorado River*, 424 U.S. at 818; *Moses H. Cone*, 460 U.S. at 25-26. "These factors are to be applied in a pragmatic and flexible way, as part of a balancing process rather than as a mechanical checklist." *American Int'l Underwriters, Inc. v. Continental Ins. Co.*, 843 F.2d 1253, 1257 (9th Cir. 1988).

**III.   Discussion**

The court has carefully examined the *Colorado River* factors in relation to the circumstances of this case and finds that the present action should be dismissed for the sake of wise judicial administration. Initially, the court notes that the several state court actions are substantially similar, if not identical, to the present federal action because they are all based on allegations that Fushi's directors breached their fiduciary duties. *See New Beckley Min. Corp.*, 946 F.2d 1072.

Further, the court finds that the majority of relevant factors[3] demonstrate that exceptional circumstances exist to abstain from exercising jurisdiction in this matter. First, all claims in this

---

[3] The first two *Colorado River* factors are irrelevant to the court because there is no res, or real property in dispute and all the proposed forums are located in Nevada.

3

action are brought pursuant to Nevada law. Second, the Clark County Business Court, where a majority of the state actions have been transferred and consolidated, is specifically designed to handle shareholder actions and other business torts. *See* Eight Judicial District Court Rule 1.61. Thus, the state court is in a better position to resolve the state law claims. Finally, declining to exercise jurisdiction in this action would avoid piecemeal litigation because this court would no longer be duplicating the efforts of the state court in addressing identical claims. *See e.g.*, *American Int'l Underwriters, Inc. v. Continental Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988) ("Piecemeal litigation occurs when different tribunals consider that same issue, thereby duplicating efforts and possibly reaching different results."). Therefore, the court finds that it would be a misuse of judicial resources to exercise jurisdiction over this duplicative proceeding when the state court is well-prepared to proceed. Accordingly, the court shall grant Fushi's motion to dismiss.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #8) is GRANTED. The complaint (Doc. #1) is DISMISSED in its entirety.

IT IS SO ORDERED.

DATED this 6th day of May, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE